IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 05-76 |
| v. ) | |
| ) | Judge |
| DIAMOND STATE SALVAGE COMPANY, INC. ) | |
| ESTATE OF HERBERT SHERR, ) | |
| NANCY A. SHERR, EXECUTRIX of the ) | AMENDED |
| ESTATE OF HERBERT SHERR ) | COMPLAINT |
| BARBARA SHERR KLEGER, ) | |
| ) | |
| and ) | |
| ) | |
| DELMARVA POWER & LIGHT COMPANY, ) | |
| ) | |
| Defendants. ) | |

## AMENDED COMPLAINT

The United States of America, by authority of the Attorney General, and at the

request of the Administrator of the United States Environmental Protection Agency ("EPA"),

alleges as follows:

## STATEMENT OF THE CASE

1.      This is a civil action under Section 107(a) of the Comprehensive

Environmental Response, Compensation, and Liability Act, ("CERCLA"), 42 U.S.C. § 9607(a),

seeking to recover costs incurred by the United States in response to a release and threatened

release of hazardous substances from the Diamond State Salvage Superfund Site located in New

Castle County, Delaware ("the Site"). The United States also seeks a declaratory judgment, pursuant to Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), and 28 U.S.C. § 2201, on the defendants' liability for further response costs that will be binding in any subsequent action or actions to recover further response costs incurred at or in connection with the Site.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over this matter pursuant to Sections 107(a) and 113(b) of CERCLA, 42 U.S.C. §§ 9607(a) and 9613(b), and pursuant to 28 U.S.C. §§ 1331(a), 1345 and 1355.

3.     Venue is proper in this district pursuant to Section 113(b) of CERCLA, 42 U.S.C. § 9613(b), and pursuant to 28 U.S.C. § 1391(b) and (c), because the releases or threatened releases of hazardous substances that give rise to these claims occurred in the District of Delaware and because the Site is located in the District of Delaware.

## SITE DESCRIPTION AND HISTORY

4.     The Site is located in Wilmington, New Castle County, Delaware, along the north bank of Brandywine Creek, between North Church and Pine Streets and along 14th Street. The Site consists of the approximately 4.2 acres of property currently owned by Diamond State Salvage. The Brandywine Creek and Christina and Delaware Rivers are used for recreation and fishing.

5.     In approximately 1961, Diamond State Salvage acquired title to one of the parcels of land that is now a part of the Site.

6.     In approximately 1988, Diamond State Salvage acquired title to two additional parcels of land that are now part of the Site.

7.      Between approximately 1959 and 1992, Diamond State Salvage operated a metal salvage business on the three parcels of land that comprise what is now the Site. As part of this operation, Diamond State Salvage accepted ferrous and non-ferrous scrap metals at the Site. Diamond State Salvage prepared the salvageable metals for shipment to steel mills or non-ferrous metal foundries by sorting, shearing and bailing the metals. Diamond State Salvage removed salvageable metals from automobiles, appliances, and other items. Metals were also received in bulk. Tires and debris were left on-Site.

8.      Significant quantities of metals, including but not limited to lead, and polychlorinated biphenyls ("PCBs") were spilled and dumped at the Site. As a result of this activity, the Site became contaminated with various hazardous substances including lead and PCBs.

### DEFENDANTS

9.      Defendant Diamond State Salvage is a corporation organized under the laws of Delaware, and at relevant times did business within this judicial district. Since approximately 1988, Diamond State Salvage has owned the approximately 4.2 acres that constitute the Site property. From approximately 1959 until approximately 1992, Diamond State Salvage operated a metal salvage business on what is now the Site.

10.      From approximately December 28, 1973 through approximately October 27, 1988, Herbert Sherr and Barbara Sherr Kleger owned, as tenants-in-common, two parcels of land that are part of what is now the Site property.

11.    Herbert Sherr died on or about January 19, 2001. At the time of Herbert Sherr's death, the Estate of Herbert Sherr became responsible for his debts and liabilities. At times relevant to this action, Herbert Sherr was engaged in business in this judicial district.

12.    Nancy A. Sherr is the Executrix of the Estate of Herbert Sherr. As Executrix, defendant Nancy A. Sherr is sued herein in her representative capacity as the Executrix of the Estate of Herbert Sherr, deceased.

13.    Defendant Delmarva Power & Light is a corporation organized under the laws of Delaware and at relevant time did business within this judicial district. During the period of time that hazardous substances were disposed at the Site, Delmarva owned and/or operated power generation facilities in Delaware.

14.    Materials from Delmarva's facilities were transported to and treated and/or disposed of at the Site at times relevant to this Amended Complaint.

## RESPONSE ACTIONS TAKEN AT THE SITE

15.    In 1994, the Delaware Department of Natural Resources and Environmental Control ("Delaware") conducted a preliminary assessment and a site inspection.

16.    In June 1995, Delaware requested assistance from EPA in the assessment of the Diamond State Salvage property.

17.    Beginning in approximately February 1996, EPA conducted response action at the Site, consisting of: 1) demolition of the on-site building and disposal of the debris offsite; 2) excavation of contaminated soils from the salvage yard and other adjoining properties, including the stream bank along the Site, and sediment from Brandywine Creek; 3) backfilling the Site

with clean soil, regrading, creation of a tidal basin connected to Brandywine Creek; and, 4) seeding the Site and restoration of the stream bank to create a biologically useful environment.

18.     EPA and the Delaware Department of Natural Resources detected lead and PCBs at the Site.  Samples collected between July 22 and August 6, 1998 by EPA's contractor revealed the presence of lead and PCBs at the Site.

19.     As of April 16, 2004, EPA had incurred response costs of at least $18,385,233 for response actions at the Site.

20.     As of May 10, 2004, the Department of Justice had incurred response costs of approximately $34,628.

21.     The United States expects to incur additional amounts for response actions at the Site, including, but not limited to, further cleanup activities and oversight of work at the Site.

## FIRST CLAIM FOR RELIEF
### Response Costs

22.     Paragraphs 1 through 21 are realleged and incorporated herein by reference.

23.     The defendants are all persons within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

24.     The Site is a "facility" within the meaning of Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

25.     The substances identified in Paragraphs 8 and 16 of this Amended Complaint are "hazardous substances" as that term is defined by section 101(14) of CERCLA, 42 U.S.C. § 9601(14), because they are listed pursuant to Section 102 of CERCLA, 42 U.S.C. § 9602, and at 40 C.F.R. Part 302.4.

26.    There has been a "release" or "threatened release," of hazardous substances from the Site into the environment as defined by Sections 104(a), 107(a), 101(8), and 101(22) of CERCLA, 42 U.S.C. § 9604(a), 96-07(a), 9701(8), and 9601(22), in that, *inter alia*, hazardous substances were poured onto the ground or were buried, dumped, disposed of, or leached into the soil, surface and/or groundwater at the Site.

27.    EPA has performed and is continuing to perform necessary or appropriate response actions in connection with the Facility as authorized by Section 104 of CERCLA, 42 U.S.C. § 9604.

28.    As a result of the release or threatened release of hazardous substances from the Site, the United States has incurred costs authorized by Section 104 of CERCLA, 42 U.S.C. § 9604, and defined by Section 101(23) and 101(25) of CERCLA, 42 U.S.C. § 9601(23) and (25). These include, but are not limited to, response costs incurred and to be incurred for planning, legal, or other activities necessary or appropriate to plan and direct response actions, and for enforcement purposes.

29.    The United States' actions at the Site were "response" actions as defined by Section 101(25) of CERCLA, 42 U.S.C. § 9601(25).

30.    The costs incurred by the United States in conducting the response actions were incurred in a manner not inconsistent with the National Contingency Plan promulgated pursuant to Section 105 of CERCLA, 42 U.S.C. § 9605.

31.    The United States will continue to incur response costs in connection with the Site until the Site is cleaned up and all response costs are paid by the defendants or other responsible parties.

32.    Diamond State Salvage is an "owner" and/or "operator" of the Site, as defined by Section 107(a)(1) of CERCLA, 42 U.S.C. § 9607(a)(1), and is jointly and severally liable to the United States for the costs of the response actions the United States has taken or will take at the Site.

33.    Diamond State Salvage is an "owner" and/or "operator" of the Site at the time of disposal, as defined by Section 107(a)(2) of CERCLA, 42 U.S.C. § 9607(a)(2), and is jointly and severally liable to the United States for the costs of the response actions the United States has taken or will take at the Site.

34.    Herbert Sherr was an "owner" and/or "operator" of the Site at the time of disposal, as defined by Section 107(a)(2) of CERCLA, 42 U.S.C. § 9607(a)(2), and is jointly and severally liable to the United States for the costs of the response actions the United States has taken or will take at the Site.

35.    Pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), defendant Nancy A. Sherr, in her capacity as Executrix of the Estate of Herbert Sherr, deceased, is liable to the United States for the costs that have been and will continue to be incurred in response to a release or threat of release of hazardous substances from the Site.

36.    Barbara Sherr Kleger was an "owner" and/or "operator" of the Site at the time of disposal, as defined by Section 107(a)(2) of CERCLA, 42 U.S.C. § 9607(a)(2), and is jointly and severally liable to the United States for the costs of the response actions the United States has taken or will take at the Site.

37.    Delmarva Power & Light is a person who by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, of materials containing hazardous substances that were disposed at the Site. Hazardous substances of the same type have been found at the Site.

38.    Pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), defendants are liable to the United States for the payment of response costs incurred by the United States as a result of the response actions taken at the Site.

## SECOND CLAIM FOR RELIEF
### Declaratory Judgment

39.    Paragraphs 1 through 38 are relegate and incorporated herein by reference.

40.    Pursuant to Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), the United States requests the Court to enter a declaratory judgment on liability for response costs or damages that will be binding in any subsequent action or actions to recover further response costs or damages.

## REQUEST FOR RELIEF

WHEREFORE, the United States of America requests that this Court enter a judgment against Defendants as follows:

A.    Order the Defendants to pay all response costs incurred by the United States in response to the release and threat of release of hazardous substances at the Site;

B.    Enter a declaratory judgment on liability stating that each defendant will be liable for all future response costs incurred by the United States in connection with the Site;

C.    Award Plaintiff its costs and disbursements in this action; and

D.  Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,


*Tom Sansonetti*
THOMAS L. SANSONETTI
Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice
Washington, D.C.  20044-7611


*Donna D. Duer*
DONNA D. DUER
Environmental Enforcement Section
U.S. Department of Justice
P.O. Box 7611
Ben Franklin Station
Washington, D.C.  20044-7611
(202) 514-3475
donna.duer@usdoj.gov


COLM  F. CONNOLLY
United States Attorney
District of Delaware

By:  *Patricia A. Hannigan*
PATRICIA A. HANNIGAN
Assistant United States Attorney
U.S. Department of Justice
Chemical Bank Plaza
1201 Market Street, Suite 100
Wilmington, Delaware 19899

OF COUNSEL:

PATRICIA C. MILLER
Senior Assistant Regional Counsel
EPA Region III
1650 Arch Street
Philadelphia, PA  19103

## CERTIFICATE OF SERVICE

I, Patricia C. Hannigan, hereby certify that this  1st   day of April, 2005, I electronically filed the foregoing **Amended Complaint** with the Clerk of the Court using CM/ECF. Notification of such filing will be served by First Class Mail on the following:

**Glen Harris, Esquire**
Ballard Spahr Andrews & Ingersol, LLP
Plaza 1000, Suite 500
Main Street
Voorhees, NJ 08043-4636

**Barbara Sher Kleger**
226 West Rittenhouse Square #3010
Philadelphia, PA 19103

Notification of filing will be hand-delivered to the following:

**PHI Service Company**
c/o Legal Services Department
800 King Street
P.O. Box 231
Wilmington, DE 19899-0231

COLM F. CONNOLLY
United States Attorney

By:__/s/Patricia C. Hannigan_____
Patricia C. Hannigan
Assistant United States Attorney
Delaware Bar I.D. No. 2145
The Nemours Building
1007 Orange Street, Suite 700
P. O. Box 2046
Wilmington, DE 19899-2046
(302) 573-6277
Patricia.Hannigan@usdoj.gov