IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>       v.<br><br>DIAMOND STATE SALVAGE COMPANY, INC.,<br>ESTATE OF HERBERT SHERR,<br>NANCY SHERR, AS EXECUTRIX FOR THE<br>   ESTATE OF HERBERT SHERR,<br>BARBARA SHERR KLEGER,<br><br>    and<br><br>DELMARVA POWER & LIGHT COMPANY,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No.

Judge

CONSENT DECREE

## CONSENT DECREE

# TABLE OF CONTENTS

I.      BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.     JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

III.    PARTIES BOUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

IV.     DEFINITIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

V.      STATEMENT OF PURPOSE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

VI.     REIMBURSEMENT OF RESPONSE COSTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

VII.    COOPERATION IN TRANSFER OF SITE PROPERTY . . . . . . . . . . . . . . . . . . . . . 8

VIII.   RECOVERY AND PAYMENT OF INSURANCE PROCEEDS . . . . . . . . . . . . . . . . . 8

IX.     FAILURE TO COMPLY WITH CONSENT DECREE . . . . . . . . . . . . . . . . . . . . . . . 10

X.      COVENANT NOT TO SUE BY PLAINTIFF . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

XI.     RESERVATION OF RIGHTS BY UNITED STATES . . . . . . . . . . . . . . . . . . . . . . . 13

XII.    COVENANT NOT TO SUE BY SETTLING DEFENDANTS . . . . . . . . . . . . . . . . . . 15

XIII.   EFFECT OF SETTLEMENT/CONTRIBUTION PROTECTION . . . . . . . . . . . . . . . . 17

XIV.    ACCESS TO INFORMATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

XV.     RETENTION OF RECORDS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

XVI.    NOTICES AND SUBMISSIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

XVII.   RETENTION OF JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

XVIII.  INTEGRATION/APPENDICES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

XIX.    LODGING AND OPPORTUNITY FOR PUBLIC COMMENT . . . . . . . . . . . . . . . . . 23

XX.     SIGNATORIES/SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

XXI.    FINAL JUDGMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. |
| v. | ) | |
| | ) | Judge |
| DIAMOND STATE SALVAGE COMPANY, INC., | ) | |
| ESTATE OF HERBERT SHERR, | ) | CONSENT DECREE |
| NANCY SHERR, AS EXECUTRIX FOR THE | ) | |
| ESTATE OF HERBERT SHERR, | ) | |
| BARBARA SHERR KLEGER, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| DELMARVA POWER & LIGHT COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## CONSENT DECREE

## I. BACKGROUND

WHEREAS, the United States of America ("United States"), on behalf of the

Administrator of the United States Environmental Protection Agency ("EPA"), filed a Complaint

in this matter pursuant to Section 107(a) of the Comprehensive Environmental Response,

Compensation, and Liability Act of 1980, 42 U.S.C. § 9607(a), as amended ("CERCLA"),

seeking reimbursement of response costs incurred or to be incurred for response actions taken or

to be taken at or in connection with the release or threatened release of hazardous substances at

the Diamond State Salvage Superfund Site, in Wilmington, New Castle County, Delaware ("the

Site");

WHEREAS, the United States has incurred over $18 million in response costs in connection with the Diamond State Salvage Superfund Site and contends that the Ability to Pay Settling Defendants (as defined herein) are jointly and severally liable for reimbursement of response costs incurred in connection with the Site;

WHEREAS, the Complaint filed by the United States alleges that Barbara Sherr Kleger and the Estate of Herbert Sherr (and Nancy Sherr as Executrix for the Estate of Herbert Sherr) are liable to the United States pursuant to Section 107(a)(2) of CERCLA, 42 U.S.C. § 9607(a)(2), as persons who owned the Site at the time of disposal of hazardous substances;

WHEREAS, the Complaint filed by the United States alleges that Delmarva Power & Light Company ("Delmarva Power & Light") is liable to the United States pursuant to Section 107(a)(3) of CERCLA, 42 U.S.C. § 9607(a)(3), as a person who arranged for the disposal or treatment of hazardous substances found at the Site;

WHEREAS, the defendants that have entered into this Consent Decree ("Settling Defendants") do not admit liability to Plaintiff arising out of the transactions or occurrences alleged in the Complaint;

WHEREAS, the United States has reviewed the Financial Information submitted by the Estate of Herbert Sherr and Barbara Sherr Kleger (the "Ability to Pay Settling Defendants") to determine the extent to which each of them is financially able to pay Response Costs incurred in connection with the Site without incurring an undue financial hardship. Based upon this Financial Information, the United States has determined that each Ability to Pay Settling Defendant is able to pay the amount specified in Section VI of this Consent Decree;

WHEREAS, in the judgment of EPA, based on currently available information, the amount of hazardous substances contributed to the Site by *de minimis* Settling Defendant

Delmarva Power & Light does not exceed 1.0% of the hazardous substances known to have been disposed of at the Site, and the toxic or other hazardous effects of the hazardous substances contributed to the Site by Delmarva Power & Light does not contribute disproportionately to the cumulative toxic or other hazardous effects of the hazardous substances at the Site;

WHEREAS, EPA has, therefore, determined that the amount of hazardous substances contributed to the Site by Delmarva Power & Light is minimal;

WHEREAS, the United States and Settling Defendants agree, and this Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith, that settlement of this matter will avoid prolonged and complicated litigation between the Parties, and that this Consent Decree is fair, reasonable, and in the public interest;

THEREFORE, with the consent of the Parties to this Decree, it is ORDERED, ADJUDGED, AND DECREED:

## II. JURISDICTION

1.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1345 and 42 U.S.C. § 9607(a) and 9613(b) and also has personal jurisdiction over the Settling Defendants.   The Settling Defendants consent to and shall not challenge entry of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree.

## III. PARTIES BOUND

2.      This Consent Decree is binding upon the United States, and upon the Settling Defendants and their successors and assigns.  Any change in ownership or corporate or other legal status, including, but not limited to, any transfer of assets or real or personal property, shall

in no way alter the status or responsibilities of the Settling Defendants under this Consent Decree.

## IV.  DEFINITIONS

3.      Unless otherwise expressly provided herein, terms used in this Consent Decree which are defined in CERCLA or in regulations promulgated under CERCLA shall have the meaning assigned to them in CERCLA or in such regulations.  Whenever terms listed below are used in this Consent Decree or in any appendix attached hereto, the following definitions shall apply:

a.    "Ability to Pay Defendants" means the Estate of Herbert Sherr and Barbara Sherr Kleger.

b.  "CERCLA" means the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. § 9601, *et seq*.

c.  "Consent Decree" means this Consent Decree and all appendices attached hereto.  In the event of conflict between this Consent Decree and any appendix, this Consent Decree shall control.

d.  "Day" means a calendar day.  In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or federal holiday, the period shall run until the close of business of the next working day.

e. "*De minimis* Settling Defendant" means Delmarva Power & Light Company.

f.  "DOJ" means the United States Department of Justice and any successor departments, agencies or instrumentalities of the United States.

g. "EPA" means the United States Environmental Protection Agency and any successor departments, agencies or instrumentalities of the United States.

h. "EPA Hazardous Substance Superfund" means the Hazardous Substance Superfund established by the Internal Revenue Code, 26 U.S.C. § 9507.

i. "Fair Market Value" means the price which the Site Property actually brings or would bring at a fair sale between a willing buyer and a willing seller under actual market conditions, dealing at arms length, neither being under any compulsion to buy or to sell, and both having reasonable knowledge of relevant facts. In arriving at such value, the elements to be considered are recent sales of realty of comparable location and description, uses to which the realty is adapted and might reasonably be applied, demand for realty, and income produced by it, and all elements which a willing buyer and a willing seller would consider in arriving at a purchase price.

j. "Financial Information" means the information contained in and referred to in the Declarations attached hereto in Appendix A.

k. "Interest" means interest at the rate specified for interest on investments of the EPA Hazardous Substance Superfund established by 26 U.S.C. § 9507, compounded annually on October 1 of each year, in accordance with 42 U.S.C. § 9607(a). The applicable rate of interest shall be the rate in effect at the time the interest accrues. The rate of interest is subject to change on October 1 of each year.

l. "Paragraph" means a portion of this Consent Decree identified by an Arabic numeral or an upper or lower case letter.

m. "Parties" means the United States and the Settling Defendants.

n. "Plaintiff" means the United States.

o. "Response Costs" means costs incurred and to be incurred by the United States pursuant to CERCLA in connection with the Diamond State Superfund Site.

p. "RCRA" means the Solid Waste Disposal Act, 42 U.S.C. § 6901, *et seq*. (also known as the Resource Conservation and Recovery Act).

q. "Section" means a portion of this Consent Decree identified by a Roman numeral.

r. "Settling Defendants" means the Estate of Herbert Sherr, Nancy Sherr, Executrix for the Estate of Herbert Sherr, Barbara Sherr Kleger, and Delmarva Power & Light Company, a *de minimis* Settling Defendant.

s. "Site" means the Diamond State Salvage Superfund Site, located in Wilmington, New Castle County, Delaware.

t. "Site Property" means those parcels identified by numbers 2603610401, 2603610414, and 2603610415 in the land records in the Office of the Recorder of Deeds for New Castle County, Delaware, and which are owned by Diamond State Salvage Company, Inc.

u. "Transfer" means any sale, assignment, or transfer by Diamond State Salvage Company, Inc. of the Site Property, or any portion thereof, where title to the Site Property (or any portion or interest thereof) is transferred and Fair Market Value is received in consideration.

v. "United States" means the United States of America, including its departments, agencies and instrumentalities.

## V. **STATEMENT OF PURPOSE**

4.      By entering into this Consent Decree, the mutual objective of the Parties is for each Settling Defendant to make a cash payment to resolve its alleged liability for over $18 million in Response Costs incurred in connection with the Site, as provided in the Covenant Not to Sue by Plaintiff in Section X, and subject to the Reservations of Rights by United States in Section XI.

## VI. **REIMBURSEMENT OF RESPONSE COSTS**

5.      Within thirty (30) Days of entry of this Consent Decree, each Settling Defendant shall pay to the EPA the following cash amounts in reimbursement of Response Costs:

| | |
|---|---|
| Estate of Herbert Sherr | $ 90,000 |
| Barbara Sherr Kleger | $ 90,000 |
| Delmarva Power & Light Company | $144,000 |

6.      Each payment shall be made by FedWire Electronic Funds Transfer ("EFT") to the U.S. Department of Justice account in accordance with current EFT procedures, referencing USAO File Number _____, the EPA Region and Site Spill ID Number 03-KD, and DOJ Case Number 90-11-2-1275.   Payment shall be made in accordance with instructions provided to the Settling Defendants by the Financial Litigation Unit of the U.S. Attorney's Office in the District of Delaware following lodging of the Consent Decree.  Any payment received by the Department of Justice after 3:00 p.m. Eastern Time shall be credited on the next business day.

7.      At the time it makes its payment, each Settling Defendant shall send notice that payment has been made to EPA and DOJ in accordance with Section XVI (Notices and Submissions) and to:

Docket Clerk (3RC00)
United States Environmental Protection Agency
Region III
1650 Arch Street
Philadelphia, PA 19103-2029

and

Barbara Borden (3PM30)
United States Environmental Protection Agency
Region III
1650 Arch Street
Philadelphia, PA 19103-2029

## VII.  COOPERATION IN TRANSFER OF SITE PROPERTY

8.      Diamond State Salvage Company, Inc. ("Diamond State Salvage") shareholders,

Barbara Sherr Kleger and the Estate of Herbert Sherr (and Nancy Sherr, as Executrix for the

Estate of Herbert Sherr), hereby agree to cooperate fully in the Transfer of the Site Property.

Such cooperation shall include, but is not limited to: i) the appointment of a custodian or other

agent to act on behalf of Diamond State Salvage solely for the purpose of marketing and

Transferring the Site Property,  and ii) the execution of any documents on behalf of Diamond

State Salvage as are necessary for the Transfer of the Site Property.

## VIII.  RECOVERY AND PAYMENT OF INSURANCE PROCEEDS

9.      Beginning on the date of lodging of this Consent Decree, the Ability to Pay

Settling Defendants shall use their Best Efforts to obtain recovery of insurance proceeds for

reimbursement of the response costs incurred for response action at the Site.  "Best Efforts" for

purposes of this Paragraph 9 means the Ability to Pay Settling Defendants shall:

(a) attempt to locate and identify any and all insurance policies that may cover

response costs incurred by Plaintiff, or any of the Settling Defendants, at the Site; and

8

(b) seek recovery of insurance proceeds under the insurance policy or policies by, at a minimum, making demands as appropriate on such policies.

10.     Beginning thirty (30) Days after entry of this Consent Decree, each Ability to Pay Settling Defendant shall provide a monthly written report to EPA describing the efforts that particular Ability to Pay Settling Defendant has made to comply with the requirements of this Section VIII and the extent to which that particular Ability to Pay Settling Defendant has or has not been successful in seeking to recover insurance proceeds during the month covered by the report. The reports required by this Paragraph 10 of this Consent Decree shall be submitted to EPA on or before the 10th Day of the month following the month for which the report is submitted. Such reports shall be required until: (1) such time as insurance proceeds are recovered and paid to the United States pursuant to the requirements of Paragraph 11, below, or (2) such time as the insurer(s) identified pursuant to Paragraph 9, above, deny coverage for Response Costs.

11.     In the event that any Ability to Pay Settling Defendant recovers any insurance proceeds for coverage of response costs incurred at the Site by the United States or any Potentially Responsible Party, such Ability to Pay Settling Defendant shall provide DOJ and EPA an accounting of the costs incurred in pursuing the insurance coverage and the gross amount of insurance proceeds recovered. To the extent that any Ability to Pay Settling Defendant recovers any insurance proceeds in excess of the reasonable costs of pursuing the insurance coverage, such reasonable costs of pursuit not to exceed 30% of the ultimate recovery, the Ability to Pay Settling Defendant may retain 10% of such insurance proceeds and shall pay the remaining 90% to EPA in accordance with the payment provisions of Paragraph 6 of this

9

Consent Decree. For purposes of this Section IX of this Consent Decree, "Insurance Proceeds" shall include any money recovered by or on behalf of any of the Ability to Pay Settling Defendants and shall include any money received with respect to any insurance policy, including but not limited to, whether the policies are sold, bargained, settled, or cancelled.

12.    The payments required to be made under Paragraph 11 of this Consent Decree shall be in addition to the payments required by Paragraph 5 of this Consent Decree.

## IX.  FAILURE TO COMPLY WITH CONSENT DECREE

13.    <u>Interest on Late Payments</u>. If any Settling Defendant fails to make its required payment under Paragraph 5 by the required due date, Interest shall continue to accrue on that Settling Defendant's unpaid balance through the date of payment.

14.    <u>Stipulated Penalty</u>.

a. If any payments due under this Consent Decree are not paid by the required date, the Settling Defendant that has failed to make the timely payment shall be in violation of this Consent Decree and shall pay, as a stipulated penalty, in addition to the Interest required by Paragraph 13, above, $2,000.00 per violation per Day that such payment is late.

b. Stipulated penalties are due and payable within thirty (30) Days of the date of the demand for payment of the penalties by EPA. All payments to EPA under this Paragraph 14 shall be identified as "stipulated penalties" and shall be made by certified or cashier's check made payable to "EPA Hazardous Substance Superfund." The check, or a letter accompanying the check, shall reference the name and address of the party making payment, the Site name, the EPA Region and Site Spill ID Number 03-KD and DOJ Case Number 90-11-2-1275, and shall be sent to:

10

EPA Superfund
United States Environmental Protection Agency
Region III
Attention: Superfund Accounting
P.O. Box 360515
Pittsburgh, PA 15251-6515

c. At the time it makes its payment, each Settling Defendant shall send notice that payment has been made to EPA and DOJ in accordance with Section XVI (Notices and Submissions) and to:

Docket Clerk (3RC00)
United States Environmental Protection Agency
Region III
1650 Arch Street
Philadelphia, PA 19103

and to:

Barbara Borden (3PM30)
United States Environmental Protection Agency
Region III
1650 Arch Street
Philadelphia, PA 19103-2029

d. Penalties shall accrue as provided in this Paragraph 14 regardless of whether EPA has notified a Settling Defendant of its violation or made a demand for payment, but need only be paid upon demand. All penalties shall begin to accrue on the day after payment is due and shall continue to accrue through the date of payment. Nothing herein shall prevent the simultaneous accrual of separate penalties for separate violations of this Consent Decree.

15. If the United States brings an action to enforce this Consent Decree, the Settling Defendant(s) against whom the action is brought shall reimburse the United States for all costs of such action, including but not limited to costs of attorney time.

11

16.    Payments made under this Section IX shall be in addition to any other remedies or sanctions available to Plaintiff by virtue of any Settling Defendant's failure to comply with the requirements of this Consent Decree.

17.    Notwithstanding any other provision of this Section IX, the United States may, in its nonreviewable discretion, waive payment of any portion of the stipulated penalties that have accrued pursuant to this Consent Decree. Payment of stipulated penalties shall not excuse Settling Defendants from payment as required by Paragraph 5 of this Consent Decree or from performance of any other requirements of this Consent Decree.

## X. COVENANT NOT TO SUE BY PLAINTIFF

18.    Except as specifically provided in Section XI (Reservation of Rights by United States), the United States covenants not to sue Settling Defendants pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), to recover past and future Response Costs. With respect to each Settling Defendant this covenant not to sue shall take effect upon receipt by EPA of that particular Settling Defendant's payment as required by Paragraph 5 and Paragraphs 13 (Interest on Late Payments) and 14 (Stipulated Penalty for Late Payment). This covenant not to sue as to each Settling Defendant is conditioned upon the satisfactory performance by that particular Settling Defendant of all of its obligations under this Consent Decree. This covenant not to sue extends only to Settling Defendants and does not extend to any other person. With respect to each Ability to Pay Settling Defendant, this covenant not to sue is also conditioned upon the veracity and completeness of the Financial Information provided to EPA by that particular Ability to Pay Settling Defendant. If the Financial Information provided by an Ability to Pay Settling Defendant is subsequently determined to be false or, in any material respect, inaccurate

12

as to that particular Ability to Pay Settling Defendant, that particular Ability to Pay Settling

Defendant shall forfeit all payments made pursuant to this Consent Decree and this covenant not

to sue and the contribution protection in Paragraph 29 shall be null and void as to that particular

Ability to Pay Settling Defendant. Such forfeiture shall not constitute liquidated damages and

shall not in any way foreclose the United States' right to pursue any other causes of action arising

from any Ability to Pay Settling Defendant's false or materially inaccurate information.

## XI. RESERVATION OF RIGHTS BY UNITED STATES

19.    The United States reserves, and this Consent Decree is without prejudice to, all

rights against each Settling Defendant with respect to all matters not expressly included within

the Covenant Not to Sue by Plaintiff in Paragraph 18. Notwithstanding any other provision of

this Consent Decree, the United States reserves all rights against each Settling Defendant with

respect to:

a.  liability for failure of any Settling Defendant to meet a requirement of this

Consent Decree;

b.  criminal liability;

c.  liability for damages for injury to, destruction of, or loss of natural resources,

and for the costs of any natural resource damage assessments; and

d.  liability arising from the past, present, or future disposal, release or threat of

release of a hazardous substance, pollutant, or contaminant outside of the Site.

20.    Ability to Pay/Failure to Supply Financial Information. The Parties recognize that

the payments required by this Consent Decree are a compromise resulting from an assessment of

each Ability to Pay Settling Defendant's financial condition based upon information each Ability

13

to Pay Setting Defendant has provided to EPA and DOJ and identified in the Declarations attached hereto as Appendix A. Each Ability to Pay Settling Defendant hereby certifies that it has fully and accurately responded to all of the United States' requests for information regarding that particular Ability to Pay Settling Defendant's financial circumstances. Each Ability to Pay Settling Defendant further certifies it has submitted to EPA Financial Information that fairly, accurately, and materially sets forth its financial circumstances, and that those circumstances have not materially changed between the time the Financial Information was submitted to EPA and the time that particular Ability to Pay Settling Defendant executes this Consent Decree.

21.    _De minimis Settling Defendant._  While making no admission of law or fact, _de minimis_ Settling Defendant has certified in a statement attached hereto in the form of Appendix B that, to the best of its knowledge and belief, the amount of material containing hazardous substances it allegedly has contributed to the Site is not greater than that listed in its certification, and that the nature of that material was limited to that set forth in its certification. The certification is based upon a thorough, comprehensive, good faith search for all information currently in the _de minimis_ Settling Defendant's possession, custody or control which relates in any way to the ownership and operation of the Site, and to the generation, treatment, transportation, storage or disposal of hazardous substances, pollutants and contaminants at or in connection with the Site. The _de minimis_ Settling Defendant further certifies that to the best of its knowledge and belief it has not altered, mutilated, discarded, destroyed or otherwise disposed of any records, documents, or other information relating to its potential liability regarding the Site since receipt of the first information request sent to it by EPA pursuant to Section 104(e) of CERCLA in connection with the Site, other than information protected by the attorney client

14

privilege as recognized by federal law, and that it has complied in good faith with any and all

EPA requests for information pursuant to Section 104(e) of CERCLA, 42 U.S.C. § 9604(e).

22.    Nothing in this Consent Decree will constitute a covenant not to sue or to take

action or otherwise limit the ability of the United States to seek or obtain further relief from the

*de minimis* Settling Defendant, and the covenant not to sue set forth above will become null and

void as to the *de minimis* Settling Defendant if the *de minimis* Settling Defendant contributed any

hazardous substances to the Site in greater amounts or of such greater toxic or other hazardous

effects than is reflected in the *de minimis* Settling Defendant's certification (as provided in

Paragraph 21 of this Consent Decree), and due to such greater contribution the *de minimis*

Settling Defendant no longer qualifies as a *de minimis* party, i.e., the amount of hazardous

substances contributed by the *de minimis* Settling Defendant to the Site exceeds 1.0% of the

hazardous substances known to have been disposed at the Site.

23.    Nothing in this Decree is intended to be nor shall it be construed as a release,

covenant not to sue, or compromise of any claim or cause of action, administrative or judicial,

civil or criminal, past or future, in law or in equity, which the United States may have against any

person, firm, corporation or other entity not a signatory to this Decree.

## XII.  COVENANT NOT TO SUE BY SETTLING DEFENDANTS

24.    Settling Defendants covenant not to sue and agree not to assert any claims or

causes of action against the United States, or its contractors or employees, with respect to the Site

or this Consent Decree, including but not limited to:

15

a. any direct or indirect claim for reimbursement from the Hazardous Substance Superfund based on Sections 106(b)(2), 107, 111, 112, or 113 of CERCLA, 42 U.S.C. §§ 9606(b)(2), 9607, 9611, 9612, or 9613, or any other provision of law;

b. any claim arising out of response actions at or in connection with the Site, including any claim under the United States Constitution, the Tucker Act, 28 U.S.C. § 1491, the Equal Access to Justice Act, 28 U.S.C. § 2412, as amended, or at common law; or

c. any claim against the United States pursuant to Sections 107 and 113 of CERCLA, 42 U.S.C. §§ 9607 and 9613, relating to the Site.

25.    Except as provided in Paragraph 27 (Waiver of Claims) and Paragraph 32 (Waiver of Claim-Splitting Defenses), these covenants not to sue shall not apply in the event the United States brings a cause of action or issues an order pursuant to the reservations set forth in Paragraph 19 (c) and (d), but only to the extent that Settling Defendant's claims arise from the same response action or response costs that the United States is seeking pursuant to the applicable reservation.

26.    Nothing in this Consent Decree shall be deemed to constitute approval or preauthorization of a claim within the meaning of Section 111 of CERCLA, 42 U.S.C. § 9611, or 40 C.F.R. 300.700(d).

27.    Waiver of Claims: Each Settling Defendant agrees not to assert any CERCLA claims or CERCLA causes of action that it may have for all matters relating to the Site, including for contribution, against any other Settling Defendant and against Site owner Diamond State Salvage.

16

## XIII. **EFFECT OF SETTLEMENT/CONTRIBUTION PROTECTION**

28.    Nothing in this Consent Decree shall be construed to create any rights in, or grant any cause of action to, any person not a Party to this Consent Decree.  The preceding sentence shall not be construed to waive or nullify any rights that any person not a signatory to this Decree may have under applicable law.   Except as provided in Paragraph 27, above, the Parties expressly reserve any and all rights (including, but not limited to, any right to contribution), defenses, claims, demands, and causes of action which they may have with respect to any matter, transaction, or occurrence relating in any way to the Site against any person not a Party hereto.

29.    The Parties agree, and by entering this Consent Decree this Court finds, that Settling Defendants are entitled, as of the date of entry of this Consent Decree, to protection from contribution actions or claims as provided by Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), for "matters addressed" in this Consent Decree.  The "matters addressed" in this Consent Decree are Response Costs.  The "matters addressed" in this Consent Decree do not include those response costs or response actions as to which the United States has reserved its rights under this Consent Decree (except for claims for failure to comply with this Decree), in the event that the United States asserts rights against any Settling Defendant coming within the scope of such reservations.

30.    Each Settling Defendant agrees that, with respect to any suit or claim for contribution brought by it for matters related to this Consent Decree, it will notify EPA and DOJ in writing no later than sixty (60) Days prior to the initiation of such suit or claim.  Each Settling Defendant also agrees that, with respect to any suit or claim for contribution brought against it for matters related to this Consent Decree, it will notify EPA and DOJ in writing within ten (10)

17

Days of service of the Complaint or claim upon it. In addition, each Settling Defendant shall notify EPA and DOJ within ten (10) Days of service or receipt of any Motion for Summary Judgment, and within ten (10) Days of receipt of any order from a court setting a case for trial, for matters related to this Consent Decree.

31.    <u>Waiver of Claim-Splitting Defenses</u>.  In any subsequent administrative or judicial proceeding initiated by the United States for injunctive relief, recovery of response costs, or other relief relating to the Site, Settling Defendants shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, *res judicata*, collateral estoppel, issue preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the United States in the subsequent proceeding were or should have been brought in the instant case; provided, however, that nothing in this Paragraph affects the enforceability of the Covenant Not to Sue by Plaintiff set forth in Section X.

## XIV. <u>ACCESS TO INFORMATION</u>

32.    Settling Defendants shall provide to EPA, upon request, copies of all records, reports, or information (hereinafter referred to as "records") within their possession or control or that of their contractors or agents relating to activities at the Site or to the implementation of this Consent Decree, including, but not limited to, sampling, analysis, chain of custody records, manifests, trucking logs, receipts, reports, sample traffic routing, correspondence, or other documents or information related to the Site.

33.    <u>Confidential Business Information and Privileged Documents</u>.

a. Settling Defendants may assert business confidentiality claims covering part or all of the records submitted to Plaintiff under this Consent Decree to the extent permitted by and

18

in accordance with Section 104(e)(7) of CERCLA, 42 U.S.C. § 9604(e)(7), and 40 C.F.R.

2.203(b). Records determined to be confidential by EPA will be accorded the protection

specified in 40 C.F.R. Part 2, Subpart B. If no claim of confidentiality accompanies records

when they are submitted to EPA, or if EPA has notified Settling Defendants that the records are

not confidential under the standards of Section 104(e)(7) of CERCLA or 40 C.F.R. Part 2,

Subpart B, the public may be given access to such records without further notice to Settling

Defendants.

   b. Settling Defendants may assert that certain records are privileged under the

attorney-client privilege or any other privilege recognized by federal law. If any Settling

Defendant asserts such a privilege in lieu of providing records, that Settling Defendant shall

provide EPA and DOJ with the following: 1) the title of the record; 2) the date of the record; 3)

the name and title of the author of the record; 4) the name and title of each addressee and

recipient; 5) a description of the subject of the record; and 6) the privilege asserted. However, no

records created or generated pursuant to the requirements of this settlement or any other

settlement with the EPA pertaining to the Site shall be withheld on the grounds that they are

privileged.

  34.  No claim of confidentiality shall be made with respect to any data, including but

not limited to, all sampling, analytical, monitoring, hydrogeologic, scientific, chemical, or

engineering data, or any other records evidencing conditions at or around the Site.

## XV. **RETENTION OF RECORDS**

  35.  Until three (3) years after the entry of this Consent Decree, Settling Defendants

shall preserve and retain all records now in their possession or control, or which come into their

19

possession or control, that relate in any manner to response actions taken at the Site or the liability of any person under CERCLA with respect to the Site, regardless of any corporate retention policy to the contrary.

36.    After the conclusion of the document retention period in the preceding paragraph, each Settling Defendant shall notify EPA at least ninety (90) Days prior to the destruction of any such records, and, upon request by EPA, each Settling Defendant shall deliver any such records to EPA. Settling Defendants may assert that certain records are privileged under the attorney-client privilege or any other privilege recognized by federal law. If any Settling Defendant asserts such a privilege, it shall provide the EPA and DOJ with the following: 1) the title of the record; 2) the date of the record; 3) the name and title of the author of the record; 4) the name and title of each addressee and recipient; 5) a description of the subject of the record; and 6) the privilege asserted. However, no records created or generated pursuant to the requirements of this settlement or any other settlement with the EPA pertaining to the Site shall be withheld on the grounds that they are privileged.

37.    Each Settling Defendant hereby certifies that, to the best of its knowledge and belief, after thorough inquiry, it has not altered, mutilated, discarded, destroyed or otherwise disposed of any records, reports, or other information relating to its potential liability regarding the Site since receipt of the first information request sent to it by EPA pursuant to Section 104(e) of CERCLA in connection with the Site, and that it has fully complied with any and all EPA requests for information regarding the Site pursuant to Sections 104(e) and 122(e) of CERCLA, 42 U.S.C. §§ 9604(e) and 9622(e), and Section 3007 of RCRA, 42 U.S.C. § 6927.

## XVI.  NOTICES AND SUBMISSIONS

38.    Whenever, under the terms of this Consent Decree, notice is required to be given or a document is required to be sent by one party to another, it shall be directed to the individuals at the addresses specified below, unless those individuals or their successors give notice of a change to the other Parties in writing.  Written notice as specified herein shall constitute complete satisfaction of any written notice requirement of the Consent Decree with respect to the DOJ, EPA and Settling Defendants, respectively.

As to the Department of Justice:

Chief, Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice (DJ # 90-11-2-1275)
P.O. Box 7611
Ben Franklin Station
Washington, D.C.  20044-7611


As to the U.S. Environmental Protection Agency:

Patricia C. Miller (3RC41)
Senior Assistant Regional Counsel
U.S. Environmental Protection Agency
Region III
1650 Arch Street
Philadelphia, PA 19103-2029

Chief, Removal Enforcement and Oil Section
Hazardous Site Cleanup Division
U.S. Environmental Protection Agency
Region III
1650 Arch Street
Philadelphia, PA 19103-2029

As to Settling Defendant Barbara Sherr Kleger:

Barbara Sherr Kleger
226 West Rittenhouse Square #3010
Philadelphia, PA 19103

As to Settling Defendant Estate of Herbert Sherr:

Glen Harris, Esq.
Ballard Spahr Andrews & Ingersoll, LLP
Plaza 1000, Suite 500
Main Street
Voorhees, New Jersey 08043-4636

As to Settling Defendant Delmarva Power & Light Company:

Kirk J. Emge
Vice President Legal Services
Pepco Holdings, Inc.
c/o Conectiv  -   Mail Stop: 89KS42
800 King Street
P.O. Box 231
Wilmington, DE 19899-0231

## XVII. RETENTION OF JURISDICTION

39.    This Court shall retain jurisdiction over this matter for the purpose of interpreting

and enforcing the terms of this Consent Decree.

## XVIII. INTEGRATION/APPENDICES

40.    This Consent Decree and its appendices constitute the final, complete and

exclusive Consent Decree and understanding between the Parties with respect to the settlement

embodied in this Consent Decree.  The Parties acknowledge that there are no representations,

agreements or understandings relating to the settlement other than those expressly contained in

22

this Consent Decree. The following appendices are attached to and incorporated into this Consent Decree:

"Appendix A" consists of declarations executed by each Ability to Pay Settling Defendant describing the financial condition of each Ability to Pay Settling Defendant and attesting to the completeness and accuracy of the Financial Information that Ability to Pay Settling Defendant has provided to EPA and DOJ.

"Appendix B" consists of *de minimis* Settling Defendant's certification required by Paragraph 21 of this Consent Decree.

### XIX. <u>LODGING AND OPPORTUNITY FOR PUBLIC COMMENT</u>

41.    This Consent Decree shall be lodged with the Court for a period of not less than thirty (30) Days for public comment. The United States reserves the right to withdraw or withhold its consent if the comments regarding the Consent Decree disclose facts or considerations which indicate that this Consent Decree is inappropriate, improper, or inadequate. Each Settling Defendant consents to the entry of this Consent Decree without further notice.

### XX. <u>SIGNATORIES/SERVICE</u>

42.    Each undersigned representative of each Settling Defendant to this Consent Decree certifies that he or she is authorized to enter into the terms and conditions of this Consent Decree and to execute and bind legally such Party to this document.

43.    Settling Defendants hereby agree not to oppose entry of this Consent Decree by this Court or to challenge any provision of this Consent Decree.

44.    Each Settling Defendant shall identify, on the attached signature page, the name and address of an agent who is authorized to accept service of process by mail on its behalf with

23

respect to all matters arising under or relating to this Consent Decree. Each Settling Defendant

hereby agrees to accept service in that manner and to waive the formal service requirements set

forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this

·Court, including but not limited to service of a summons. The Parties agree that the Settling

Defendants need not file an answer to the Complaint in this action unless or until the Court

expressly declines to enter this Consent Decree.

## XXI. **FINAL JUDGMENT**

45.   Upon approval and entry of this Consent Decree by the Court, this Consent

Decree shall constitute the final judgment between the United States and Settling Defendants.

The Court finds that there is no just reason for delay and therefore enters this judgment as a final

judgment under Fed. R. Civ. P. 54 and 58.


SO ORDERED THIS ____ DAY OF _____, 2005.



_____
United States District Judge



FOR THE UNITED STATES OF AMERICA:


Date: _3.5.05_            _Tom Sansonetti_
                          _____
                          THOMAS L. SANSONETTI
                          Assistant Attorney General
                          Environment and Natural Resources  Division
                          United States Department of Justice

24

Date: _March 23, 2005_                  _Donna Duer_
                                        DONNA DUER
                                        Environmental Enforcement
                                          Section
                                        United States Department of Justice
                                        P.O. Box 7611
                                        Ben Franklin Station
                                        Washington, D.C. 20044
                                        (202) 514-3475


                                        COLM F. CONNOLLY
                                        United States Attorney
                                        District of Delaware


Date: _3/29/05_          By: _Patricia A. Hannigan_
                                        PATRICIA A. HANNIGAN
                                        Assistant United States Attorney
                                        Chemical Bank Plaza
                                        1201 Market Street, Suite 100
                                        Wilmington, Delaware 19899

THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of United States v. Diamond State Salvage Company, Inc.et al. concerning the Diamond State Salvage Superfund Site.

FOR THE ENVIRONMENTAL PROTECTION AGENCY:


Date: 3-1-05

*Donald S. Welsh*

DONALD S. WELSH
Regional Administrator
U.S. Environmental Protection Agency, Region III
1650 Arch Street
Philadelphia, PA 19103-2029


Date: 2/28/05

*Cecil Rodrigues for WCE*

WILLIAM C. EARLY
Regional Counsel
U.S. Environmental Protection Agency, Region III
1650 Arch Street
Philadelphia, PA 19103-2029


Date: 2-17-05

*Patricia C. Miller*

PATRICIA C. MILLER
Senior Assistant Regional Counsel
U.S. Environmental Protection Agency, Region III
1650 Arch Street
Philadelphia, PA 19103-2029


26

THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of <u>United States v. Diamond State Salvage Company, Inc. et al.</u> concerning the Diamond State Salvage Superfund Site.

FOR DEFENDANT ESTATE OF HERBERT SHERR:

Date: 1/26/05

Nancy A Sherr

NANCY SHERR, AS EXECUTRIX FOR THE
ESTATE OF HERBERT SHERR

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Glen Harris, Esq.
Ballard Spahr Andrews & Ingersoll, LLP
Plaza 1000, Suite 500
Main Street
Voorhees, New Jersey 08043-4636

THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of United States v. Diamond State Salvage Company, Inc.et al. concerning the Diamond State Salvage Superfund Site.

FOR DEFENDANT BARBARA SHERR KLEGER:

Date: _Feb 4, 2005_    _____
                        BARBARA SHERR KLEGER

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Barbara Sherr Kleger
226 West Rittenhouse Square #3010
Philadelphia, PA 19103

THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of United States v. Diamond State Salvage Company, Inc.et al. concerning the Diamond State Salvage Superfund Site.

FOR DEFENDANT DELMARVA POWER & LIGHT COMPANY

Date: 2/11/05                    William M Maurow

Agent Authorized to Accept Service on Behalf of Above-signed Party:

For U.S. Postal Service Delivery:

PHI Service Company
c/o Legal Services Department
800 King Street
P.O. Box 231
Wilmington, Delaware 19899-0231

For Overnight Delivery:

PHI Service Company
c/o Legal Services Department
800 King Street
Wilmington, Delaware 19801